## Trilla *v.* Smith et al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 109.—Resuelto en Mayo 16, 1904.

Bienes Gananciales.—Todos los bienes pertenecientes al matrimonio se reputan gananciales, mientras no se pruebe lo contrario.

Id.—La presunción que con respecto al carácter de gananciales establece la ley en favor de los bienes de la sociedad conyugal, es una presunción *juris tantun,* que puede ser destruida mediante prueba en contrario, y ésta incumbe á la parte que impugne tal carácter.

Id.—Sociedad Conyugal—Facultades del Marido.—El marido es el administrador de los bienes de la sociedad conyugal, y puede enagenarlos ú obligarlos á título oneroso.

Inscripción de Actos ó Contratos Nulos.—La inscripción no convalida los actos ó contratos que sean nulos con arreglo á derecho.

Id.—Los actos ó contratos que se ejecuten ú otorguen por persona que en el Registro aparezca con derecho para ello, no se invalidarán en cuanto á tercero, una vez inscritos, aunque después se anule ó resuelva el derecho del otorgante en virtud de causas que no resulten claramente del mismo Registro.

Costas.—Las costas deben imponerse á la parte cuyas pretensiones fueren totalmente desestimadas.

### EXPOSICIÓN DEL CASO.

En los autos sobre tercería de dominio entre partes de la una Doña María Ramona Beatriz Trilla y Martínez, como demandante representada y dirigida por su abogado defensor Don Sandalio Torres, y de la otra como demandados, Sr. Herbert E. Smith y Don Reyes Almodóvar Galindo, representado aquél por sí mismo, como abogado, y éste, aunque emplazado, no ha comparecido ante este Tribunal Superior, autos pendientes ante Nos en virtud del recurso de apelación interpuesto por la representación de la demandante Doña María Ramona Beatriz Trilla y Martínez, contra la sentencia dictada por dicha Corte de Distrito de Mayagüez, á tres de Agosto de mil novecientos tres, que transcrita á la letra dice así:

"En la Ciudad de Mayagüez á tres de Agosto de mil novecientos tres. · Visto en juicio oral y público este pleito declarativo, seguido entre partes de la una como demandante, Doña María Ramona Beatriz Trilla y Martínez, mayor de edad, casada y vecina de Maricao, representada y dirigida por el Letrado Don Benito Forés y Morazo, en un principio, y luego sin representación profesional; y de la otra como demandado Don Rafael Mangual Delgado, representado y dirigido por el Letrado Don José de Diego y Martínez, y como cesionario de aquél Mr. Herbert E. Smith, mayor de edad, casado, abogado, representado por sí propio, y vecino de esta Ciudad, y de otra Don Reyes Almodóvar Galindo, mayor de edad, casado, propietario y vecino de Maricao, declarado en rebeldía sobre tercería de dominio.

*Resultando*: que la parte actora funda su demanda por ser dueña en propiedad y dominio de la finca rústica de café denominada Progreso, sita en el barrio de Bucarabones del Municipio de Maricao, cuya descripción y demas circunstancias constan en los documentos acompañados, la cual adquirió por compra á Don Franciso E. Coban y Rodríguez, por escritura ante el Notario que fué de esta Ciudad, Don Santiago R. Palmer, en 14 de Enero de 1892, inscrita en el Registro de la Propiedad de San Germán, y que la adquisición fué con dinero procedente de sus bienes parafernales y no con nada que se relacionara con la sociedad conyugal, aunque se omitió consignarlo así en la escritura de compra venta, como lo demostraria en su oportunidad; que su esposo Don Reyes Almodóvar y Galindo, por ignorancia ó inducido á ello por su acreedor, hipotecó indebidamente esa finca, á favor de los Sres. Schulze y Ca. para responder del pago de una cantidad que les adeudaba, y cedido parte del crédito á Don Rafael Mangual y Delgado, este para hacerlo efectivo estableció demanda ejecutiva por el procedimiento sumarísimo ante esta Corte, habiéndose sacado á pública subasta la finca hipotecada, para con su producto cubrir el crédito; y termina suplicando que en su dia se dicte sentencia declarando que la finca Progreso pertenece á su legítimo dominio, y por tanto no poder continuar el procedimiento sumarísimo incoado, condenándose en costas á la parte que se opusiere.

*Resultando*: que admitida la demanda y dado traslado de ella á los demandados, solo la contestó el ejecutante Don Rafel Mangual Delgado, en el sentido de que: durante el matrimonio de Don Reyes Almodóvar Galindo con la tercerista Sra. Trilla y Martínez, adqui-

rió en representación de ella la finca objeto de esta terceria, por venta que le otorgara Don Francisco E. Coban en escritura que autorizó el Notario Don Santiago R. Palmer á catorce de Enero de 1892, inscribiéndose debidamente en el Registro de la Propiedad: que ni en la citada escritura, ni en la inscripción que de ella se hizo, ni en otra constancia alguna del Registro de la Propiedad, aparece que el predio de referencia fuese adquirido con dinero propio exclusivo de dicha Señora; aceptando el hecho tercero de la demanda, pero negando los extremos que se refieren á que el contrato de hipoteca fuera otorgado por el Sr. Almodovar y Galindo mediante ignorancia ó inducción maliciosa, y que en todo caso el cesionario Sr. Mangual fué ageno en absoluto á la celebración del contrato de hipoteca, no pudiendo éste afirmar otra cosa sino que la finca cuestionada fué adquirida con cargo al caudal de gananciales á que pertenece con arreglo á la ley, y termina suplicando se declare sin lugar la demanda absolviendo de ella á los demandados, con las costas al actor.

*Resultando*: que acusada la rebeldía al ejecutado Sr. Almodovar Galindo, y notificándole personalmente la providencia en que fué declarado rebelde, en ese estado compareció el Letrado Sr. Herbert E. Smith como cesionario del ejecutante Sr. Mangual, interesando la apertura del juicio á prueba como ya se había solicitado anteriormente, y señalado día y hora para el acto, concurrieron el Letrado de la tercerista Sra. Trilla y el ejecutado Sr. Smith proponiéndose como prueba por ambas partes, la documental, de cotejo, de confesión, de reconocimiento de libros y testifical, y admitidas dichas pruebas se señaló día para la celebración del juicio oral.

*Resultando*: que al acto del juicio oral solo concurrió el Letrado Sr. Smith como ejecutante, sin que lo verificara la tercerista Sra. Trilla, ni el ejecutado Almodovar, declarado en rebeldía; en cuyo acto fué llamado el testigo de parte actora Don Federico Philippi, único que compareció, y á preguntas del Tribunal, dijo: que la finca objeto de la tercería fué refaccionada por la sociedad de que forma parte, por mediación de Don Eugenio Forestier, á favor del cual Don Reyes Almodovar y Galindo constituyó hipoteca para garantir el pago de las cantidades objeto de la refacción: que la aludida finca radica en Maricao, la cual en un principio creyó el deponente, era de la propiedad del Sr. Almodovar, pero que por unas escrituras que vió, se enteró que era de Doña Ramona Beatriz Trilla y Martínez, su esposa; y que no recuerda si está inscrita dicha escritura; á preguntas del Letrado Sr. Smith, dijo: que no ha tenido otras negociaciones con Don Reyes Almo-

dovar Galindo y su esposa que las de la hipoteca objeto de este litigio ; que Forestier cedió á la casa, obligándose éste á pagar un plazo que se le adeudaba á José Blanch y Cia., por mil quinientos pesos ; que no sabe cuando Almodovar compró la finca ; que la hipoteca mencionada, cedida por Schulze á Mangual y por éste á Smith, fué constituida en pago de la cedida por Forestier y el crédito de Blanch, antes referido, con más los intereses al uno por ciento mensual, constando dicha transacción en los libros de la casa ; reservándose el Tribunal examinar la prueba documental de la tercerista.　Llamado el testigo Don José Blanch, del demandado Sr. Smith, y á preguntas de éste dijo que fué socio gestor de J. Blanch y Cia., que la finca objeto de autos perteneció á la casa aludida por compra á José Antonio Silen, vendiéndola luego á Don Francisco Caban, y éste á Almodovar quedando gravada la finca por varios plazos que adeuaba el Caban, de los cuales se hizo responsable Almodovar, quien lo satisfizo luego en varias ocasiones ; que mucho antes de comprar la ameritada finca Almodovar, ya estaba casado con su actual esposa María Ramona Beatriz Trilla ; y á preguntas del Tribunal dijo, que no recuerda si otorgaba recibos de carta de pago, al serles satisfechos los plazos de referencia, no recordando así mismo en nombre de quien extendia los asientos en los libros de la casa, debiendo constar en ellos, renunciando el demandado Smith el exámen del testigo Don Eugenio Forestier, y dejando á la consideración de la Sala la prueba documental, é informando oralmente dicho Letrado todo lo que estimó pertinente á su derecho, quedando concluso el juicio para sentencia.

*Resultando* : que en el dia de hoy y hora designada fué votada en público esta sentencia por unanimidad.

*Resultando* : que en la sustanciación de este pleito se han observado las reglas del procedimiento.

*Visto* : siendo Ponente para la redacción de esta sentencia el Juez Asociado Don Enrique González Darder.

*Considerando* : que segun el artículo 1407 del Código Civil vigente en la época de los hechos á que esta demanda de tercería se refiere, así como en el artículo 1322 del Código Civil que en la actualidad rige y regula esta materia, se reputan bienes gananciales, todos los pertenecientes á los esposos, hasta tanto no se pruebe lo contrario.

*Considerando* : que siendo como era Don Reyes Almodovar esposo legítimo de Doña María Ramona Beatriz Trilla y Martínez, en la fecha en que tuvo lugar la hipoteca sobre la finca objeto de esta tercería, y de cuyo crédito fué cedido parte á Don Rafael Mangual, hoy cedente de Don Herbert E. Smith, dicho esposo en su concepto de tal, obró

dentro de 'los derechos que la Ley concedia, por ser representante y administrador de aquellos bienes que pudo enagenar y obligar como lo hizo á título oneroso á los Sres. Schulze y Ca., artículo 1327 del Código vigente y 1412 y 1413 del antíguo.

*Considerando*: también que si bien la inscripción de títulos ó derecho en el Registro de la Propiedad, no convalida actos nulos cuando estos se otorgan por persona que en el Registro aparezca con derecho para ello, no se invalidarán en cuanto á tercero, una vez inscritos, aunque despues se anule ó resuelva el derecho del otorgante, en virtud de causas que no resulten claramente del mismo Registro. Artículo 34 de la Ley Hipotecaria.

*Considerando*: para mas abundamiento, que siendo como es una presunción *juristanlun* la que con respecto al carácter de bienes gananciales establece la ley, cabe la prueba en contrario que incumbe segun principio general de derecho al demandante, y esta prueba no se ha llevado á cabo por este, que se ha limitado á negar solo aquel carácter de bienes gananciales á los que hoy reclama en esta terceria.

*Considerando*: que las costas de un juicio debe pagarlas el litigante cuyas pretensiones hayan sido totalmente desestimadas en aquel, y en este caso lo han sido las de la tercerista Doña María Ramona Beatriz Trilla.

*Vistas* las disposiciones citadas y las demas aplicables.

*Fallamos*: que declarando como declaramos sin lugar la presente demanda de terceria de dominio interpuesta por Doña María Ramona Beatriz Trilla y Martínez, debemos absolver y absolvemos de la misma, á los demandados Mr. Herbert E. Smith y Don Reyes Almodovar Galindo, disponiéndose la continuación del curso de los autos ejecutivos suspendidos en virtud de dicha tercería, con las costas á la parte tercerista.''

*Resultando* que contra esta sentencia interpuso la representación de dicha Doña María Ramona Beatriz Trilla y Martínez recurso de apelación, que le fué admitido y que elevados los autos á esta Superiodidad, con citación y emplazamiento de las partes, y personadas éstas á excepción de Don Reyes Almodovar Galindo, é interpuesto el recurso por la representación de la parte recurrente, se dió á estos autos la tramitación marcada por las leyes aplicables, y citadas las partes para sentencia, con señalamiento de día para la

vista, se verificó ésta con asistencia de los abogados defen-
sores de las partes antes mencionadas.

Abogado del apelante: *Sr. Torres Monge.*

Abogado del apelado: *Sr. Smith.*

La otra parte apelada no compareció.

El Juez Asociado Sr. MacLeary, después de exponer los
hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la
sentencia apelada, y vistas las disposiciones legales citadas
en dicha sentencia.

*Fallamos* que debemos confirmar y confirmamos la sen-
tencia apelada, con las costas á la parte apelante; y devuél-
vanse los autos al Tribunal de Mayagüez con la certificación
correspondiente.

Jueces concurrentes, Sres. Presidente Quiñones y Asocia-
dos Hernández, Figueras y Sulzbacher.